UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CLEVESTER BLACKSTONE,** | Civil Action No. 24-6127 (RK) |
| Petitioner, | |
| v. | **MEMORANDUM & ORDER** |
| **MATTHEW J. PLATKIN, et. al,** | |
| Respondents. | |

Petitioner Clevester Blackstone has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner appears to challenge a family court judgment dated September 9, 2024, in connection with his failure to pay child support. (*See* Petition at 1; *see also* ECF Nos. 1-1, Exhibits.) At this time, the Court will direct Petitioner to SHOW CAUSE why the Petition should not be dismissed because Petitioner is not "in custody," pursuant to a state court judgment, which is required to bring a habeas petition pursuant to 28 U.S.C. §2254.

Pursuant to § 2254, a federal court can only "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § § 2254(a). The "in custody" requirement is "the passport to federal habeas corpus jurisdiction." *Bonser v. Dist. Attorney Monroe Cty.*, 659 F. App'x 126, 127 (3d Cir. 2016) (quoting *United States ex rel. Dessus v. Pennsylvania*, 452 F.2d 557, 560 (3d Cir. 1971)). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist.*, 411 U.S. 345, 351 (1973). The "in custody" language does not require that an individual be physically confined, but does require significant restraints on liberty along with continuing government supervision. *See e.g., Jones v. Cunningham*, 371 U.S. 236 (1963)

(prisoner who is on parole is "in custody"); *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) ("The meaning of 'custody' has been broadened so that it is no longer limited in the § 2254(a) context to physical custody alone but also applies where individuals are subject both to 'significant restraints on liberty . . . which were not shared by the public generally,' along with 'some type of continuing governmental supervision.'") (citing *Barry v. Bergen County Probation Dept.*, 128 F.3d 152, 160 (3d Cir. 1997)); *see also Maleng v. Cook*, 490 U.S. 488, 491 (1989) (prisoner placed on parole is still in custody because his "release from physical confinement under the sentence in question was not unconditional; instead, it was explicitly conditioned on his reporting regularly to his parole officer, remaining in a particular community, residence, and job, and refraining from certain activities"); *Hensley*, 411 U.S. at 351 (release on own recognizance constitutes custody because, among other things, petitioner is subject to "restraints not shared by the public generally," the obligation to appear at times and places ordered by a court, and because "[h]is freedom of movement rests in the hands of state judicial officers"). The "'in custody' jurisdictional requirement is determined as of the date the petition is filed in the district court." *United States ex rel Wojtycha v. Hopkins*, 517 F.2d 420, 423 n.6 (3d Cir. 1975) (citations omitted).

    As noted above, Petitioner appears to be challenging a New Jersey family court judgment for failure to pay child support. Although he alludes to an arrest warrant and a two-year sentence, he lists a private address, which suggests that he is not currently serving a custodial sentence in connection with that state court judgment. Petitioner lists multiple Respondents in the caption, and it is not clear if any of these Respondents are his immediate custodian. Petitioner also does not provide any facts suggesting that he is subject to restraints not shared by the public or to continuing governmental supervision. Because Petitioner does not clearly allege

that he is confined pursuant to a judgment of conviction (or on pending criminal charges), on parole or probation (or a similar status), in immigration detention, or otherwise subjected to significant restraints on liberty along with continuing government supervision, he does not meet the "in custody" requirement for bringing a habeas petition. The Petition is subject to dismissal for lack of jurisdiction.

At this time, the Court directs Petitioner to show cause within 30 days why this Petition should not be dismissed because Petitioner fails to meet the "in custody" requirement. In his response, Petitioner should explain whether he is incarcerated pursuant to a state court judgment or on pending criminal charges, on parole or probation, or otherwise subjected to any significant restraints on his liberty and continuing governmental supervision. If Petitioner does not respond within 30 days, the Court will screen the Petition and dismiss it without prejudice for lack of jurisdiction.

**IT IS, THEREFORE**, on this 7th day of October 2024,

**ORDERED** that Petitioner shall **SHOW CAUSE** within 30 days why the Court should not dismiss his Petition because Petitioner is not "in custody," as required for federal habeas jurisdiction; and it is further

**ORDERED** that if Petitioner does not respond to this Memorandum & Order within 30 days, the Court will screen the Petition and dismiss it for lack of jurisdiction; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Petitioner at the address on file.

_____
Robert Kirsch
United States District Judge